of America. Oral argument not to exceed 15 minutes per side. Naya Babini for the appellant. Good morning. May it please the Court, Naya Babini for the United States. I plan to reserve three minutes for rebuttal. A lot has changed in this case since the parties filed the appeal in 2017. This Court decided Cradler in June of 2018. And the government has conceded that following Cradler, Mr. Mitchell no longer qualifies as an armed career criminal. Things have also changed since this case was briefed. This Court decided Nichols in July 2018. And because of Nichols, the government agrees that remand is necessary in this case so that Mr. Mitchell's sentence of time served can be corrected. As this Court noted in Nichols, the sentencing judge should impose a sentence that is no longer than the statutory maximum of 10 years. And he can do so in brief order or have a resentencing hearing. Therefore, the only issue that brings us here today is the issue of the supervisory release. When Mr. Mitchell was originally sentenced in 2001, Judge Donald sentenced him to three years of supervisory release out of a maximum of five years. After he granted Mr. Mitchell's 2255 motion, Judge Mays sentenced Mr. Mitchell to time served. And here he imposed the same three years of supervisory release with the same conditions. Which is now the statutory max, right? Correct, Your Honor. And before it was the minimum. And do we apply in our analysis the 3553A factors to the supervised release as well as the sentence? I know you conceded the sentence, so I'm just curious. Yes, Your Honor. The supervised release has to be a reasonable sentence, just like the custodial sentence has to be a reasonable sentence. However, in Nichols… Go ahead, I'm sorry. In Nichols, the court said that where the court imposes a sentence that's largely consistent with the rationale of the original sentence, it can do so in a brief order without much elaboration. And this court also held in Old Georgia that the district court does not abuse its discretion if he fails to go through the sentencing factors under 18 U.S.C. 3553 because such repetition would serve no useful purpose. And that's precisely what the case is here. Requiring Judge Mays to go through these factors again would serve no useful purpose. The factors have not changed. The nature of the offense is the same. The characteristics of the defendant are the same. The goals of supervised release are the same. What about the same – I mean, so when I sentence people, and maybe this is a bad way to think about it, but I considered whether they were an armed career criminal, and if so, the need to protect society seemed greater to me than someone who simply was a felon in possession. And so why wouldn't that factor in to the term of supervised release? In fact, Congress has reflected that in giving five years for an armed career criminal as the max, but three years for someone who possesses a firearm or ammunition. So, yes, that's one of the factors. And another factor is the rehabilitation. I mean, there is no – the factors have not changed drastically. The statutory maximum is here. So you're – I'm sorry to interrupt you, but are you saying then we should go back to the original record and look at the 3553A factors for the supervision and try and figure out if those were reasonable? Yes, Your Honor, and that's precisely the ruling of the Supreme Court in Chavez-Miza. The Supreme Court said that when the sentence is modified, the court can look at the original proceeding to determine whether those factors are still relevant. In that case, the statutory max didn't change, though, right? Whereas here it has. Am I correct? Yes, it's correct. It has changed in here, but it's still with – you know, his sentence was still within the statutory max and his sentence was still within the guideline range. And moreover, Mr. Mitchell did not ask the court to change his supervisory lease sentence. He argued in his 2255 motion that his custodial term should change, and he argued that under Johnson and Cradler, you know, his custodial sentence should change. He never argued that his supervisory lease sentence should change. So is it considered – is that a different argument? I mean, are you saying it's more fitted? Your Honor, we did not argue that he waived that argument. However, the fact that the parties argue for a certain sentence is what the appellate review looks at, whether the sentences judge has considered the parties' argument. For instance, in Inman, a Sixth Circuit case, this court said that the sentence was unreasonable because both parties recommended 10 years, and the court did not even consider it. And then in Chavez-Miza, the court – one of the reasons was, you know, the court sufficiently considered the parties' argument, and therefore the sentence was reasonable. So the fact that he did not even argue the sentence was legal, there was no reason for Judge Mays to have reconsidered the factors in this case. Let me frame this a slightly different way. If we have to send it back anyway, which you can see for the time served issue, does the government object to Judge Mays revisiting supervisory lease and looking at the factors in light of the law changes? Well, you know, Your Honor, of course you can send it back. However, that would entail reversing the three-year supervisory lease, and there's no reason to do so because that's simply a reasonable sentence. The question is, do you object to us allowing in the mandate him to revisit supervisory lease? We would not object, Your Honor. However, in Nichols, this court – I'm sorry, you said you would not object? No, Your Honor, we would not object. But in Nichols, this court talked about that procedure being redundant and wasteful. There is no reason for Judge Mays to reconsider this again because this sentence was reasonable. Can't he make that assessment pretty quickly if he wishes? Excuse me, Your Honor? Can't he make just that assessment very quickly if he wishes? He could make that assessment very quickly, but, you know, there could be other cases like this where, you know, one term, the custodial term, needs to be changed or revisited. And, you know, as the court said in Nichols, the judge can do that in an order. But he could do this in an order, right? He could go back, look at the record, put on an order saying the 3553A factors are met by 3 years, 2 years, whatever, and I keep all the conditions the same or if he wants to change a condition, he can consider the intervening period to 10 years in jail or whatever it is now, 17 years in jail, and consider all those factors in determining what is a reasonable period of supervision. He can do it in an order. Yes, Your Honor, he can, and our position is that it would be redundant and it would be wasteful and it would be precisely what this court warned about in Nichols. And, you know, in the future, any other cases like this, it would encourage the judge to, you know, go through the same analysis, 3553 factors, and it's simply unnecessary in many cases where the rationale of the original sentencing supports the new sentence. That also brings me to substantial reasonableness. You know, one thing, and this sounds like I'm being critical. I don't mean to be critical, but I mean if he didn't raise this problem, then you didn't object on forfeiture grounds. It seems odd for the government to care deeply about it now. It just seems funny to me. Now, I don't want to punish the government for not pointing out a forfeiture. I actually think it speaks well of the government that often they don't point out a forfeiture. They say, let's just deal with this. That makes sense to me and it's a good idea, but it is a little weird that you're not protesting that, but you are protesting sending it back. I mean, if one really had deep convictions about this, one would say, now you forfeited it. We're not doing this anymore because that is the most efficient approach, if you want to talk efficiency. Correct, Your Honor, and, you know, perhaps we should raise it. We didn't raise it. However, you know, the argument is not waived because, as I mentioned before, it goes to the reasonableness of Judge May's decision. He didn't have, you know, the parties' argument, objections at the time, so he didn't need to consider it. So that's what the government deems. Substantively, the sentence is reasonable. I'm sorry, before you get substantive. So it wasn't in the petition at all as a claim for relief? Correct, Your Honor. He only argued that he over-served. After Johnson, he over-served. Didn't we even have authority to consider that? You can forfeit a forfeiture. Right, but if it's not in the petition at all. Can they bring up something that's not in the Hades petition before the court of appeals for a first time? That's a question that goes to the scope of the petition. I don't think that's subject matter jurisdiction, but maybe it is. Go ahead, I'm sorry. It would just seem odd if you have Hades' petition and you challenge the underlying conviction or the sentence you got from the underlying conviction that this wouldn't just be considered to be an aspect of that, that you'd have to challenge both the custodial part and the supervised release part. That would seem odd. The custodial and the supervised release, those are two components of the sentence. Mr. Mitchell had obviously reason to challenge his custodial term. He had no reason to challenge the supervised release term because it was legal. That was the government's point. He had no reason to challenge it then. He has no reason to challenge it now. Three years was legal. We have a lot of cases that say, we have a lot of challenges that we get as a result of this that say you should get credit for the extra time you served on the custodial sentence. You should credit that to the supervised release. We've said, no, that's not right. There have been many, many cases where the 2255 is about the underlying conviction being wrong. It should never have happened. The person's in jail. They also have the supervised release component of their sentence. They say nothing about supervised release because it just follows. It's not possible that there's a court out there that says, yeah, you're right. They shouldn't have convicted you. You shouldn't be in jail. But hey, you didn't challenge the supervised release, so you're now under supervised release for three years. I would be astonished if there's a single court in the country that's ever done that. So quite often, changes to supervised release necessarily follow from the nature of the underlying 2255 or, for that matter, direct appeal point. They would, Your Honor, if it was illegal, just like in Nichols. In Nichols, the supervised release term was five years, and that became illegal following the granting of his 2255. In this case— But I guess what bothers me on that, and I think Judge DePauw was also getting at this in the very beginning, if his options originally were zero to five years on supervised release, he picks a period right about in the middle. It just – I would guess if we looked at a whole lot of cases, you'd find if it went back and the maximum was three, you'd probably get somewhere in the middle unless there was a reason you would give them the maximum of zero to three when you didn't give them the maximum of zero to five. See what I'm saying? Your Honor, I'm sorry. I see my time's up. Can I answer your question? Yeah, okay. Okay. Your Honor, that's the proportionality argument that the Supreme Court addressed in Chavez-Meza recently. And the Supreme Court basically said that at the original resentencing, based on a number of factors, the court picked one sentence. It is not surprising, following the sentencing, that those factors have remained the same, and therefore the court will pick a non-proportional point in the new range. Okay. So that's not reasonable. Okay. You got it. Well, thank you very much. The other side. Morning. Morning. May I speak to the court? We agree with the government that the government's appeal has been solved by intervening in case law, and we also agree that the one issue that remains here is the issue of supervised release. We think that this court can solve this case very easily, and it's a simple matter of remanding, which, as the government already conceded, is the proper route to take on a time-served issue, and just to ask the district court to do what it has to do with any sentencing, especially under habeas relief, which is just explain the sentence. But it explained the term of supervised release once. Why can't we go look at that, right? Because supervision is different than incarceration in that you look at what will protect society and help rehabilitate. And the only reason the sentence changed is because of Cradler and this kind of thing. But nothing in the underlying criminal nature changed, so the protection of society doesn't change a whole lot. Nothing about what will help in rehab has changed. So why should the court revisit it? Well, two responses to that. First, the district court didn't give any reasoning. So, yes, the purpose is for supervised release. Which time? The first time there was very little reasoning. Actually, the first time there wasn't any explanation as to why the three years. It just adopted the finding of the pre-sentence report. But that gives – usually the pre-sentence report lists reasons in it. Did it not in this case? It didn't list the specific reasons as to why three years would be the proper supervised release. But we're not challenging if the original supervised release sentence was proper or not. Under 2255, if a petitioner is granted relief, then the district court vacates the judgment and has to revisit the sentence. And there's wide discretion to do that. And this court's abuse of discretion, reasonable and standard, respects that discretion. Let me suggest the other side of the coin, which is what I thought you would have argued. You have a person standing before you 17 years ago that might be the same person today or might be a very different person now. You're trying to predict what that person will be like when they get out of jail. And they might be very defiant. They have no skills. They do great in prison for 17 years. They actually learn skills that can get them a job. The need for supervised release might be the same, but it might be very different. And this is one of the unusual opportunities where if there is the authority to do so, then you revisit it based on what you know now as opposed to what you knew 17 years ago. Yes, and I agree. That is your argument, isn't it, even though I'm reframing it for you? Yes, that the district court has a responsibility to revisit, to take a look at what the original sentence was, to either adopt that sentence or pick a new one, and to give an independent explanation as to why. And under supervised release especially, the cases like Johnson and even the guidelines themselves expect the district courts to balance not only the purposes of supervised release but also the fact that supervised release is an impingement on somebody's personal liberty. Okay. I think we've got everything. Just one last thing. What about the point that Gavin points out that this matters so much? Why didn't you raise this before? Well, a couple of points to that. One, Mr. Mitchell was a pro se litigant. He filed his petition pro se, and he did ask in his petition for an emergency resentencing. So that's the first. And I reinforced forfeitures against pro se, so keep going. I think the government also forfeited the issue. The government hasn't brought it up. Okay, so that raises the question, did it really matter? And I guess that goes back to the pro se. I just wasn't sure. Well, I think there's also the issue of a 2255 motion, and this is something that the court in Nichols recognizes as well. You're attacking the underlying judgment. And so to tie the two different aspects of the sentence to the 2255 when the district court grants relief, it's proper to challenge both of them. And we've raised it on appeal. The government never challenged it, even on appeal. If you argue in your petition, if he argued in his petition that he wants resentencing and he uses that word, I would go back and look. But assuming he uses that word, isn't he encompassing the supervised release? If you say resentencing, presumably you mean supervision as well. Yes, we think so because that gets to the point of the 2255 motion vacating the judgment, which includes the various penalties. So you're not just – so I understand that you're – and I'm sorry to interrupt your answer. You're not conceding forfeiture of the law. The government says he forfeited by not raising it, but your real argument, not to rephrase it again, but is we never forfeited. He said resentencing. When he said resentencing, he meant a full resentencing, whether in an order or otherwise, because his sentence was unlawful. And part and parcel of that unlawful sentence is you have to do the whole thing over again. Yes, that's exactly right, and that's what 2255 requires. Unless my colleagues have any other questions, I think we've got your position. Thank you. Governor, did you deserve any time? I did, Your Honor, but we don't have any time. Okay. Thanks to both of you for your helpful briefs. Thank you to the government for reasonable concessions. We appreciate that, and thank you for your argument. The case will be submitted.